UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MARK JORDAN ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 6:22-cv-1032-DDC-GEB |
| v. ) | |
| ) | |
| CITY OF WICHITA, KANSAS ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to File his Third Amended Complaint ("Motion"), seeking to add a new Defendant, add or clarify certain factual allegations, and renew his claim under 42 U.S.C. § 1981.[1] After careful review and consideration of Plaintiff's Motion **(ECF No. 34)**, Defendant's Response in Opposition to Plaintiff's Motion for Leave to File his Third Amended Complaint **(ECF No. 37)**, and Plaintiff's Reply in Support of Motion for Leave to File Third Amended Complaint **(ECF No. 40)**, the Court **GRANTS** Plaintiff's Motion for the reasons set forth below.

**I.    Background[2]**

---

[1] ECF No. 34.
[2] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 6), First Amended Complaint (ECF No. 9), and Second Amended Complaint (ECF No. 12). This background information should not be construed as judicial findings or factual determinations.

1

On October 26, 2021, Plaintiff brought action against the City of Wichita in the Eighteenth Judicial District of Kansas for violations of Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Defendant removed the case to this Court on February 2, 2022.[3] Plaintiff filed his First Amended Complaint on March 1, 2022, adding allegations Defendant violated Kansas common law and the Wayne Owen Act and abandoning his claim against the City of Wichita under 42 U.S.C. § 1981.  On March 4, 2022, the Court granted Plaintiff's unopposed request for leave to file a second amended complaint which merely added two factual allegations.

On April 8, 2022, the Court entered a Scheduling Order which set a deadline of May 6, 2022, for any motions to amend. Then, on May 5, 2022, Plaintiff filed an Unopposed Motion for Extension of Time to Move to Amend Complaint[4] for a third time. The Court granted the unopposed motion and extended the deadline for filing any motion to amend to September 7, 2022.[5]  Plaintiff's Motion for Leave to File a Third Amended Complaint was timely filed on September 7, 2022.[6]

## II.     Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 34).

### A.  Plaintiff's Proposed Amendments.

Plaintiff's Motion seeks to: 1) add Darrell Kohls as a Defendant; 2) include state law claims against Darrell Kohls and a claim under the Wayne Owen Act;[7] 3) clarify and

---

[3] ECF No. 1.
[4] ECF No. 24.
[5] ECF No. 25.
[6] ECF No. 34.
[7] K.S.A. 50-6,139.

2

add factual allegations to support the claims against Darrell Kohls; 4) clarify allegations Plaintiff made in his Second Amended Complaint; and, 5) reassert a claim against the City of Wichita under 42 U.S.C. § 1981.[8] In support of his Motion, Plaintiff attaches a proposed Third Amended Complaint.[9] A summary of the new allegations is helpful to the determination of Plaintiff's Motion.

Plaintiff has made substantially the same legal claims since filing his First Amended Complaint in March 2022. He has consistently plead violations of Title VII, 42 U.S.C. § 1983, the Kansas common law and the Wayne Owen Act.[10] Plaintiff now seeks to add Darrell Kohls as a Defendant because, as argued by Plaintiff, documents produced by Defendant on April 19, 2022, revealed Darrell Kohls is "one of the individuals responsible for the unlawful conduct concerning Plaintiff's 2020 performance appraisal."[11] Plaintiff also seeks to add or modify eight factual allegations to support his claim against Mr. Kohls.[12] The remaining modifications or additions clarify allegations made in Plaintiff's Second Amended Complaint and do not otherwise change the nature of his claims or the facts he sets forth.[13]

In his state court petition, Plaintiff included a claim for violations of 42 U.S.C. § 1981.[14] For unknown reasons, he abandoned that claim when filing his First and Second

---

[8] ECF No. 34.
[9] The proposed Third Amended Complaint can be found at ECF No. 34-1.
[10] ECF No. 9.
[11] ECF No. 24.
[12] ECF No. 34.
[13] *Id.*
[14] ECF No. 6.

3

Amended Complaints, and he now seeks to re-assert his claim against the City of Wichita under 42 U.S.C. § 1981 in his Third Amended Complaint.

**III.     Discussion.**

    **A.     The Parties' Positions.**

Plaintiff contends his Motion should be granted pursuant to Fed. R. Civ. P. 15(a)(2), because his amendment is based upon information learned through the course of discovery, is timely, and justice so requires. Further, Plaintiff denies any undue delay, bad faith or dilatory motive, prejudice to Defendant, or futility. Defendant's sole argument centers around the futile nature of the claim against Darrell Kohls under the Wayne Owen Act and argues the Court should, therefore, deny Plaintiff's Motion.

    **B.     Amendment Under Rule 15(a)(2).**

        **i.     Legal Standard.**

The standard, as recognized by the parties, for permitting a party to amend a complaint is well known. A party may amend a pleading as a matter of course under Rule 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading.[15] However, in cases such as this, where the time to amend as a matter of course has passed, and the opposing party does not consent, a party may amend his pleading only by leave of court under Rule 15(a)(2).[16]

---

[15] Federal Rule of Civil Procedure 15(a)(1).
[16] Federal Rule of Civil Procedure 15(a)(2).

4

Rule 15(a)(2) provides leave shall be freely given when "justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[17] The Court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[18] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[19] The Tenth Circuit Court of Appeals acknowledged that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'"[20] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[21] With these standards and factors in mind, the Court evaluates Plaintiff's request to amend his Second Amended Complaint.

First, the Court notes Defendant neither addressed nor lodged any objection to Plaintiff re-asserting his claim against the City of Wichita under 42 U.S.C. § 1981. As such, the Court finds there is no objection to Plaintiff's proposed amendment in that regard. Second, Defendants make no argument as to the timeliness of Plaintiff's motion, nor are

---

[17] *Id.* and *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).
[18] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).
[19] *Hinkle v. Mid-Continent Cas. Co.*, No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).
[20] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (citations omitted).
[21] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).

there any arguments as to bad faith or prejudice. As such, the court will address the futility argument set forth by Defendant as to the claim under the Wayne Owen Act.

### ii. Plaintiff's claim under the Wayne Owen Act is not futile.

The Wayne Owen Act is a collection of three statutes within the Kansas Consumer Protection Code related specifically to identity theft and fraud.[22] K.S.A. 50-6,139 reads:

> (a) The conduct prohibited by K.S.A. 21-6107, and amendments thereto, constitutes an unconscionable act or practice in violation of K.S.A. 50-627, and amendments thereto, and any person who engages in such conduct shall be subject to the remedies and penalties provided by the Kansas consumer protection act.
>
> (b) For the purposes of the remedies and penalties provided by the Kansas consumer protection act:
>
> > (1) The person committing the conduct prohibited by K.S.A. 21-6107, and amendments thereto, shall be deemed the supplier, and the person who is the victim of such conduct shall be deemed the consumer; and
> >
> > (2) proof of a consumer transaction shall not be required.
>
> (c) This section shall be part of and supplemental to the Kansas consumer protection act.
>
> (d) The provisions of this section and K.S.A. 50-6,139a and 50-6,139b, and amendments thereto, shall be known and may be cited as the Wayne Owen act.

The statute incorporates the Kansas criminal code by prohibiting behavior set forth in K.S.A. 21-6107, which defines conduct giving rise to identity theft and fraud. The prohibited behavior includes "obtaining, possessing, transferring, using, selling or purchasing" any document containing someone else's name, for example, with the intent

---

[22] K.S.A. 50-6,139, K.S.A. 50-6,139a, and K.S.A. 50-6,139b.

to either, 1) defraud that person, or anyone else, in order to receive any benefit; or, 2) to misrepresent that person in order to subject that person to economic or bodily harm.[23] The statute also prohibits "altering, amending, counterfeiting, making, manufacturing or otherwise replicating any document containing personal identifying information (someone's name, for example) with the intent to deceive."[24]

Any person who is found to have engaged in the conduct prohibited by K.S.A. 21-6107 is deemed to have committed an "unconscionable act or practice in violation of K.S.A. 50-627, and amendments thereto, and any person who engages in such conduct shall be subject to the remedies and penalties provided by the Kansas consumer protection act."[25]

Plaintiff's proposed Third Amended Complaint makes the following allegations with regard to the claimed violations of the Wayne Owen Act:

> 13. In September and/or September of 2020, WFD Deputy Chief Josh Pavelski, Caucasian, demanded that at least two Captains make material alterations to Plaintiff's already-completed employee evaluation.
>
> 14. The two employees refused to do so, and WFD retaliated against each of them by taking away their ability to serve as acting Battalion Chiefs shortly after each of them respectively refused to alter the Plaintiff's evaluation.
>
> 15. wanted [sic] to modify Plaintiff's evaluation to harm Plaintiff's chances at being promoted in the upcoming Battalion Chief Assessment and to retaliate against Plaintiff for filing his discrimination complaint.
>
> 16. At the behest of Deputy Chief Pavelski, Defendant Kohls modified Plaintiff's evaluation to downgrade Plaintiff's performance in the area of

---

[23] K.S.A. 21-6107(a).
[24] K.S.A. 21-6107(b).
[25] K.S.A. 50-6,139.

judgment, due to Plaintiff's alleged poor performance at a fire on Seneca Street in August of 2019.

18. On or about December 12, 2020, WFD failed to promote Plaintiff even though he was qualified for the job and had completed all requirements for promotion.

19. On February 17, 2021, Plaintiff learned that he needed to compare his July 2020 employee evaluation against the purported July 2020 evaluation in his HR file.

20. On February 18, 2021, Plaintiff requested a copy of his file from City of Wichita's Human Resources Department.

21. Plaintiff discovered that his July 2020 employee evaluation had been altered to downgrade him on specific categories. The altered evaluation criticized Plaintiff for his alleged mismanagement of a fire on Seneca Street in August 2019.

26. In the fabricated July 2020 employee evaluation, Defendant Kohls reproduced Plaintiff's electronic signature page, suggesting that Plaintiff had reviewed the modified evaluation.

Fed. R. Civ. P. 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." This requires the complaint to state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[26] Further, Fed. R. Civ. P. 8(a), every complaint must contain three minimal pieces of information: 1) the pleading should contain a short and plain statement of the claim showing that plaintiff is entitled to relief; 2) a short and plain statement of the grounds for the Court's jurisdiction; and 3) a statement of the relief requested. However, in this case, where Plaintiff brings claims under K.S.A. 50-6,139,

---

[26] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

which contains an element of fraud, he must state the circumstances constituting fraud "with particularity."[27] "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally."[28] Despite Defendant's argument averring Plaintiff's facts are insufficient "to meet the requirements of either identity fraud or identity theft" under K.S.A. 21-6107, the Court disagrees. The Court finds Plaintiff has met his burden in this regard.

Defendant argues Plaintiff "fails to set forth necessary criminal elements that the statutes in questions [sic] obviously require."[29] However, Defendant does not cite any authority to demonstrate Plaintiff must prove, let alone allege, any criminal elements. Plaintiff has plead the circumstances giving rise to the alleged fraud with specificity and has alleged intent and knowledge as required by Fed. R. Civ. P. 9(b). Defendant goes on to argue "Kohls did not amend Jordan's evaluation for an illegal or criminal purpose."[30] The Court disagrees with Defendant's interpretation and finds Plaintiff alleges that is exactly why Kohls amended Jordan's evaluation: to engage in discriminatory employment practices or retaliate against him, in violation of federal law, which is an illegal purpose.

### C.    Conclusion

For the reasons stated above, the Court concludes justice requires leave be granted for Plaintiff to file his Third Amended Complaint. Further, the Court finds no evidence of undue delay, bad faith or dilatory motive, or prejudice to Defendant. Finally, the Court

---

[27] Fed. R. Civ. P. 9(b).
[28] *Id.*
[29] ECF No. 37.
[30] *Id.*

overrules Defendant's argument regarding futility, and Plaintiff shall be allowed to file his Third Amended Complaint pursuant to Fed. R. Civ. P. 16 and 15(a)(2).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Third Amended Complaint (**ECF No. 34**) is **GRANTED** as set forth above. Plaintiffs shall file their Third Amended Complaint within seven days of this Order or no later than October 20, 2022. In addition, as this is Plaintiff's third attempt at amending his complaint, the Court would strongly advise Plaintiff to ensure the content therein dissuades additional motion practice of this nature.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 13th day of October 2022.

                                                   s/ Gwynne E. Birzer
                                                   GWYNNE E. BIRZER
                                                   United States Magistrate Judge