IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK JORDAN,

        Plaintiff,

v.

CITY OF WICHITA, KANSAS, AND
DARRELL KOHLS,

        Defendants.

Case No. 22-1032-DDC-GEB

## MEMORANDUM AND ORDER

Plaintiff Mark Jordan serves as a Captain in the Wichita Fire Department. He brings this race discrimination and retaliation lawsuit against his employer, the City of Wichita, Kansas. Also, he asserts a state law identity theft claim (under Kansas's Wayne Owen Act) against defendant Darrell Kohls.[1] Defendant Kohls also serves as a Captain in the Wichita Fire Department.

Plaintiff bases his identify theft claim on allegations that defendant Kohls forged plaintiff's signature on his annual employee evaluation. Defendants have filed a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) against the Wayne Owen Act claim that plaintiff asserts against defendant Kohls. Defendants assert that plaintiff fails to state a plausible claim for relief under this Kansas statute against defendant Kohls. The court agrees. And for reasons explained below, the court grants defendants' Motion for Judgment on the Pleadings on that claim (Doc. 51).

---

[1]     The case caption spells this defendant's first name as Darrell. Plaintiff's filings spell his first name as Darrel. *See* Doc. 51 at 1.

I.    **Factual Background**

The following facts come from plaintiff's Third Amended Complaint (Doc. 43). The court accepts them as true and views them in the light most favorable to plaintiff. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (explaining that on a motion for judgment on the pleadings under Rule 12(c) the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the non-moving party" (citations and internal quotation marks omitted)).

Defendant City of Wichita, Kansas has employed plaintiff for more than 25 years. Doc. 43 at 1 (Third Am. Compl. ¶ 7). Plaintiff is an African American male, and he serves as a Captain in the Wichita Fire Department ("WFD"). *Id.* at 2 (Third Am. Compl. ¶¶ 8, 11). Plaintiff alleges that in January 2020, the City of Wichita arbitrarily refused to allow him to act as Battalion Chief. *Id.* at 2 (Third Am. Compl. ¶ 9). In March 2020, plaintiff filed a race discrimination complaint with the City of Wichita's "human resources office" based on his arbitrary removal from an acting Battalion Chief position. *Id.* (Third Am. Compl. ¶ 10).

In September 2020, WFD Deputy Chief Josh Pavelski (who is Caucasian) demanded that two WFD Captains make material alterations to plaintiff's already-completed employee evaluation. *Id.* (Third Am. Compl. ¶ 13). When the two Captains refused to make the alterations, WFD retaliated against them by taking away their ability to serve as acting Battalion Chiefs. *Id.* (Third Am. Compl. ¶ 14).

Defendant Kohls is a Captain in the Wichita Fire Department and is employed by the City of Wichita, Kansas. *Id.* at 1 (Third Am. Compl. ¶ 3). According to plaintiff, defendant Kohls modified plaintiff's evaluation at "the behest of Deputy Chief Pavelski[.]" *Id.* at 2 (Third Am. Compl. ¶ 16). On plaintiff's evaluation, defendant Kohls downgraded plaintiff's

performance in the area of judgment because plaintiff had performed poorly at a fire on Seneca Street in August 2019. *Id.* Plaintiff alleges that Caucasian WFD employees violated safety protocols and policy at the Seneca Street fire in August 2019, with no recourse from WFD. *Id.* at 3 (Third Am. Compl. ¶ 17).

After WFD declined to promote plaintiff in December 2020, plaintiff requested a copy of his July 2020 employee evaluation from the City of Wichita's "Human Resources Department." *Id.* (Third Am. Compl. ¶¶ 18, 20). Plaintiff discovered that someone had altered his July 2020 employee evaluation "to downgrade him on specific categories" and criticize "his alleged mismanagement" of the Seneca Street fire. *Id.* (Third Am. Comp. ¶ 21). Plaintiff has attached to his Complaint a copy of his "real evaluation" from July 2020. *Id.* at 3 (Third Am. Compl. ¶ 24); *see also* Doc. 43-1 (Pl.'s Ex. A).[2] Also, plaintiff has attached to his Complaint a copy of "the fabricated July 2020 employee evaluation" that plaintiff found in his personnel file. Doc. 43 at 3 (Third Am. Compl. ¶ 25); *see also* Doc. 43-2 (Pl.'s Ex. B).[3]

Plaintiff alleges that in "the fabricated July 2020 employee evaluation, Defendant Kohls reproduced Plaintiff's electronic signature page, suggesting that Plaintiff had reviewed the modified evaluation." Doc. 43 at 3 (Third Am. Compl. ¶ 26). Plaintiff asserts that defendant Kohls "engaged in his misconduct at the direction of" the City of Wichita. *Id.* (Third Am.

---

[2] The evaluation attached as Doc. 43-1 lists plaintiff's "final average score" as 3.67. Doc. 43-1 at 14. The 3.67 score placed plaintiff in the "performs well" category—the third highest level of four overall performance scoring levels. *Id.* at 15.

[3] The evaluation attached as Doc. 43-2 differs from Doc. 43-1 on the "Judgment" performance factor. *Compare* Doc. 43-2 at 9, *with* Doc. 43-1 at 9. The evaluation attached as Doc. 43-2 changed plaintiff's score in this category from "4" to "2." *Compare* Doc. 43-2 at 9, *with* Doc. 43-1 at 9. Also, it added language about plaintiff's "struggle[ ] as an incident commander at a 2 alarm strip mall fire" that was "identified as a deficit." *Compare* Doc. 43-2 at 9, *with* Doc. 43-1 at 9. The evaluation attached as Doc. 43-2 lists plaintiff's "final average score" as 3.56. Doc. 43-2 at 14. The 3.56 score placed plaintiff in the "performs well" category—the same level plaintiff placed in the evaluation attached as Doc. 43-1. *Compare* Doc. 43-2 at 15, *with* Doc. 43-1 at 15.

3

Compl. ¶ 27). Plaintiff contends that defendant Kohls "is liable to [him] for damages and other relief under Kansas common law and the Wayne Owen Act." *Id.* at 4 (Third Am. Compl. ¶ 38).

## II.    Legal Standard

A court evaluates a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion to dismiss. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings, the court must assume that the factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Atl. Richfield*, 226 F.3d at 1160 (explaining that on a Rule 12(c) motion, the court must "accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party" (citation and internal quotation marks omitted)). And while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[,]'" which, as the Supreme Court explained, "'will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

4

### III.     Analysis

Defendants assert that plaintiff's Third Amended Complaint fails to allege a plausible claim for identity theft against defendant Kohls under Kansas's Wayne Owen Act. The Kansas Legislature enacted the Wayne Owen Act as part of the Kansas Consumer Protection Act. Kan. Stat. Ann. §§ 50-6,139–39b. The Wayne Owen Act incorporates the Kansas Criminal Code's prohibition against identify theft and fraud. Kan. Stat. Ann. § 50-6,139(a) (citing Kan. Stat. Ann. § 21-6107). And the statute also makes conduct prohibited by § 21-6107 a violation of the Kansas Consumer Protection Act. Kan. Stat. Ann. § 50-6,139(a) (citing Kan. Stat. Ann. § 50-627). Specifically, the Wayne Owen Act provides:

> (a) The conduct prohibited by [Kan. Stat. Ann. §] 21-6107, and amendments thereto, constitutes an unconscionable act or practice in violation of [Kan. Stat. Ann. §] 50-627, and amendments thereto, and any person who engages in such conduct shall be subject to the remedies and penalties provided by the Kansas consumer protection act.
>
> (b) For the purposes of the remedies and penalties provided by the Kansas consumer protection act:
>
>> (1) The person committing the conduct prohibited by [Kan. Stat. Ann. §] 21-6107, and amendments thereto, shall be deemed the supplier, and the person who is the victim of such conduct shall be deemed the consumer; and
>>
>> (2) proof of a consumer transaction shall not be required.
>
> (c) This section shall be part of and supplemental to the Kansas consumer protection act.
>
> (d) The provisions of this section and [Kan. Stat. Ann. §§] 50-6,139a and 50-6,139b, and amendments thereto, shall be known and may be cited as the Wayne Owen act.

Kan. Stat. Ann. § 50-6,139.

The Kansas Criminal Code prohibiting identity theft and identity fraud defines "identity theft" as:

5

> obtaining, possessing, transferring, using, selling or purchasing any personal identifying information, or document containing the same, belonging to or issued to another person, with the intent to:
>
> (1) Defraud that person, or anyone else, in order to receive any benefit; or
>
> (2) misrepresent that person in order to subject that person to economic or bodily harm.

Kan. Stat. Ann. § 21-6107(a). Also, the statute defines "identity fraud" as "altering, amending, counterfeiting, making, manufacturing or otherwise replicating any document containing personal identifying information with the intent to deceive[.]" *Id.* § 21-6107(b)(2). And Kan. Stat. Ann. § 21-6107 defines "personal identifying information" to include a person's name as well as several other types of personal information. *Id.* § 21-6107(e)(2).

As our court has observed, Kan. Stat. Ann. § 21-6107 doesn't define an "intent to defraud." *Wright v. Midway Logistics LLC*, No. 22-cv-01079-EFM, 2022 WL 16833865, at *5 (D. Kan. Nov. 9, 2022). But our court also has recognized that another portion of the Kansas Criminal Code defines "intent to defraud" as "'an intention to deceive another person, and to induce such other person, in reliance upon such deception, to assume, create, transfer, alter or terminate a right, obligation or power with reference to property[.]'" *Id.* (quoting Kan. Stat. Ann. § 21-5111(o)). As Chief Judge Melgren noted in *Wright*, that particular Kansas statute—Kan. Stat. Ann. § 21-5111—"provides general definitions for words or phrases used in the Kansas criminal code, 'except when a particular context clearly requires a different meaning.'" *Id.* (quoting Kan. Stat. Ann. § 21-5111).

Here, defendants argue, plaintiff's Third Amended Complaint fails to allege facts from which a reasonable trier of fact could find or infer that defendant Kohls acted with an intent to defraud or an intent to deceive—required elements of a Wayne Owen Act claim. The court agrees with them. Plaintiff's Third Amended Complaint alleges defendant Kohls modified

6

plaintiff's evaluation at "the behest of Deputy Chief Pavelski" and "at the direction of" the City of Wichita. Doc. 43 at 2, 3 (Third Am. Compl. ¶¶ 16, 27). Plaintiff makes no other allegations about the reasons why defendant Kohls allegedly modified plaintiff's July 2020 employee evaluation. He never asserts that defendant Kohls intended his actions to defraud or deceive anyone. And no such inference from the Third Amended Complaint's allegations is a reasonable one.

Plaintiff argues that a jury could infer "an intent to deceive" from defendant Kohls's alleged conduct simply because the modified employee evaluation contains a false representation—*i.e.*, plaintiff's signature suggesting that he had received and reviewed the evaluation as written. Doc. 61 at 3–4. But the Third Amended Complaint is devoid of any allegations about defendant Kohls's motivations for altering the employee evaluation—other than he simply was following his employer's instructions. Those facts can't support a reasonable inference that defendant Kohls—personally—acted with an intent to defraud or deceive.

Also, plaintiff contends a jury reasonably could infer that defendant Kohls "engaged in misconduct to harm [p]laintiff, and to protect his own job, as the first two individuals who refused to alter [p]laintiff's evaluation were subject to reprisal by WFD administration." Doc. 61 at 4. Again, these allegations can't support a reasonable finding or inference that defendant Kohls acted with an intent to deceive or an intent to defraud. Even if a jury could infer that defendant Kohls acted with an intent to "protect his own job," *id.*, plaintiff never alleges who defendant Kohls intended to deceive or defraud to achieve this goal. Indeed, defendant Kohls couldn't have intended to deceive or defraud the City of Wichita—his employer—because, as plaintiff alleges, it was the City who directed him to change plaintiff's evaluation. *See* Doc. 43 at 2, 3 (Third Am. Compl. ¶¶ 16, 27) (alleging that defendant Kohls modified plaintiff's

7

evaluation at "the behest of Deputy Chief Pavelski" and "at the direction of" the City of Wichita).

The facts here are somewhat analogous to a Wayne Owen Act claim that Chief Judge Melgren recently dismissed for failing to state a plausible claim under Fed. R. Civ. P. 12(b)(6). In *Wright v. Midway Logistics LLC*, the plaintiff alleged that after she left defendant's employment, defendant used her company email address (which contained her name) to send emails to customers.  2022 WL 16833865, at *2.  The *Wright* plaintiff alleged that the defendant there sent the emails to benefit itself financially and trick customers into continuing to do business with defendant after plaintiff had left her employment there.  *Id.*  Judge Melgren recognized that Kan. Stat. Ann. § 21-5111's definition of "intend to defraud" "requires that the party deceived have been induced to, essentially, change its position with reference to property." *Id.* at *6.  But, in *Wright*, the "purportedly deceived" party was defendant's customers who "were already doing business with" defendant.  *Id.*  Thus, Chief Judge Melgren concluded, plaintiff had "not alleged that [the customers] were somehow induced to change their position because of the deception, whether it be to 'assume, create, transfer, alter or terminate a right, obligation or power' related to property."  *Id.* (quoting Kan. Stat. Ann. § 21-5111(o)).  Thus, Judge Melgren held that plaintiff's "claim [was] without proper legal basis under the Wayne Owen Act, and must be dismissed."  *Id.*

The same applies here.  Plaintiff hasn't alleged that defendant Kohls intended to deceive and induce another person "in reliance upon such deception, to assume, create, transfer, alter or terminate a right, obligation or power with reference to property."  Kan. Stat. Ann. § 21-5111(o). As already noted, defendant Kohls couldn't have intended to deceive the City of Wichita because it was his employer—as plaintiff explicitly alleges—who directed Kohls to change plaintiff's

employee evaluation. Plaintiff tries to argue that defendant Kohls may have intended to deceive "[f]uture employers and managers at the City" who "could be expected to refer back to the altered performance evaluation." Doc. 61 at 4. But this argument proves too much. It's simply not reasonable to infer that defendant Kohls acted with an intent to deceive someone in the future and to induce that person to make an employment decision about plaintiff at some unknown time in the future. The allegations in the Third Amended Complaint about defendant Kohls's purported intent are too thin to support the requisite inference.

Plaintiff also argues that it's reasonable to infer that defendant Kohls acted "to defraud [p]laintiff," so that defendant Kohls could receive the benefit of more favorable treatment from his employer. Doc. 61 at 4. Again, these allegations don't fit within Kan. Stat. Ann. § 5111(o)'s definition of "intent to defraud" because there's no allegation that defendant Kohls acted to induce *plaintiff* "to assume, create, transfer, alter or terminate a right, obligation, or power with reference to property." Kan. Stat. Ann. § 5111(o). Thus, plaintiff hasn't stated a plausible Wayne Owen Act claim on an alleged intent by defendant Kohls to deceive plaintiff.

Last, plaintiff argues that it's reasonable to infer that defendant Kohls changed plaintiff's employee evaluation for the purpose of "defraud[ing] future potential employers" and "to engage in discriminatory employment practices or retaliate against" plaintiff "in violation of federal law, which is an illegal purpose."[4] Doc. 61 at 5 (citation and internal quotation marks omitted).

---

[4] The court recognizes that Magistrate Judge Birzer permitted plaintiff to file his Third Amended Complaint to assert a Wayne Owen Act claim after finding that such an amendment wasn't futile under Fed. R. Civ. P. 15. Doc. 41 at 6–9. Plaintiff appears to assert that it was procedurally improper for defendants to file this Rule 12(c) motion instead of filing a Rule 72 Objection to Judge Birzer's Order granting plaintiff's Motion for Leave to Amend. *See* Doc. 61 at 2 ("The Magistrate Judge's decision should remain intact, as [d]efendants did not properly raise the futility issue through appropriate objections."). But as defendants correctly assert, Judge Birzer evaluated plaintiff's futility argument under Rule 15's liberal standard for permitting amendments to pleadings. *See* Doc. 41 at 5 ("Rule 15(a)(2) provides leave shall be freely given when 'justice so requires,' and the decision to allow an amendment is within the sound discretion of the court." (quoting Fed. R. Civ. P. 15(a)(2))). And had

Again, these arguments stretch the Third Amended Complaint's factual allegations far beyond reason. Plaintiff alleges nothing about defendant Kohls having an intent to deceive future employers, and it's not reasonable to infer one based on the Third Amended Complaint's limited allegations. Also, the Third Amended Complaint never alleges that *defendant Kohls* acted with an intent to engage in discriminatory employment practices. To be sure, plaintiff alleges that the City of Wichita acted with a racially discriminatory and retaliatory intent. But plaintiff never alleges that defendant Kohls changed plaintiff's employee evaluation because he intended to discriminate or retaliate against plaintiff. Instead, and as already explained, plaintiff alleges only that defendant Kohls made the changes to plaintiff's employee evaluation because his employer directed him to do so.[5] It's not reasonable to infer from the facts alleged that defendant Kohls acted with an intent to defraud or an intent to deceive when he changed plaintiff's employee evaluation. Thus, plaintiff has failed to state a plausible Wayne Owen Act claim against defendant Kohls. And defendant Kohls deserves judgment as a matter of law under Rule 12(c) against this claim.[6]

---

defendants filed an Objection, the court would have reviewed Judge Birzer's non-dispositive Order under a "clearly erroneous" or "contrary to law" standard. Fed. R. Civ. P. 72(a). Defendants instead chose to file a Motion for Judgment on the Pleadings under Rule 12(c), invoking the plausibility standard under that Rule. That was their right. There's nothing procedurally improper with defendants' choice to invoke Rule 12(c) to seek dismissal of plaintiff's Wayne Owen Act claim.

[5]  Defendants assert that it's "likely that [plaintiff] makes no allegation in his Complaint directly against Kohls because he understands that such an allegation is so baseless, it could be sanctionable or in violation of Rule 11." Doc. 62 at 3. The court can't confirm or refute defendants' assertion about plaintiff's lack of allegations directly against defendant Kohls. Thus, the court doesn't consider this argument in its decision.

[6]  Defendants also argue that permitting plaintiff's Wayne Owen Act claim to proceed "would effective[ly] expand consumer protection statutes to include co-worker complaints about the handling of an annual personnel evaluation." Doc. 52 at 7. Because the court concludes that plaintiff fails to state a plausible claim under the plain language of the statute, the court need not consider plaintiff's policy argument.

Plaintiff's Response to defendants' Motion for Judgment on the Pleadings asserts that defendant Kohls hasn't moved to dismiss plaintiff's "common law privacy tort claim." Doc. 61 at 2 n.1. Plaintiff's Third Amended Complaint alleges that defendant Kohls "is liable to [p]laintiff for damages and other relief under Kansas common law and the Wayne Owen Act." Doc. 43 at 4 (Third Am. Compl. ¶ 38). Also, the Pretrial Order asserts two claims against defendant Kohls: (1) misappropriation of identity tort, and (2) Wayne Owen Act violation. Doc. 81 at 12 (Pretrial Order ¶¶ 4.a.iii.–iv.). Defendants haven't moved for judgment on the pleadings against plaintiff's common law misappropriation claim. Thus, the court can't dismiss defendant Kohls from the case. He remains a defendant in the case on the Kansas common law misappropriation of identity tort. But the court dismisses the Wayne Owen Act claim against defendant Kohls only.[7]

### IV.  Conclusion

For reasons explained, the court grants defendants' Motion for Judgment on the Pleadings. The court grants judgment on the pleadings against plaintiff's identity theft claim against defendant Kohls under Kansas's Wayne Owen Act.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion for Judgment on the Pleadings (Doc. 51) is granted.

**IT IS SO ORDERED.**

**Dated this 23rd day of February, 2023, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**

---

[7] The Pretrial Order also asserts a Wayne Owen Act violation against the City of Wichita. Doc. 81 at 12 (Pretrial Order ¶ 4.a.iv.). Defendants haven't moved to the dismiss the Wayne Owen Act claim against the City of Wichita. *See* Doc. 51 at 1 (moving for "an order dismissing [p]laintiff's claims in the Third Amended Complaint *against Darrel Kohls* with prejudice pursuant to Fed. R. Civ. P. 12(c)" (emphasis added)).